This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41885**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**APRIL PADILLA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Daylene A. Marsh, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ATTREP, Chief Judge.**

**{1}** This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant appeals from the district court's order revoking probation and imposing Defendant's previously suspended sentence, arguing that the imposed sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Article II, Section 13 of the New Mexico Constitution. [RP 118-19, 121; BIC 5-6] The sentence at issue arose from proceedings in which Defendant pled guilty to one count of trafficking methamphetamine and admitted her identity to the prior felony offense of possession of methamphetamine. [RP 69; BIC 1-2] In light of Defendant's plea, the State declined at that time to pursue a habitual offender enhancement of Defendant's sentence, and the district court suspended Defendant's nine-year sentence and imposed a five-year probation term. [BIC 2] The State eventually moved to revoke Defendant's probation, alleging that Defendant violated the conditions of her probation when she was charged with aggravated driving while under the influence and child abuse, and sought the enhancement of Defendant's sentence as a habitual offender. [BIC 2; RP 93-96, 97] Following a hearing on the State's motion, the district court revoked Defendant's probation and sentenced her to the remaining balance of her original sentence. [BIC 4; RP 102]

**{3}** Defendant acknowledges that the issue she raises on appeal is unpreserved, contending that it should be reviewed for fundamental error under *State v. Trujillo*, 2002-NMSC-005, ¶ 64, 131 N.M. 709, 42 P.3d 814, where our Supreme Court reviewed a defendant's unpreserved claim that his sentence constituted cruel and unusual punishment for fundamental error. The Court subsequently clarified, however, that *Trujillo* "expressly held that a sentence authorized by statute, but claimed to be cruel and unusual punishment under the state and federal constitutions, does not implicate the jurisdiction of the sentencing court and, therefore, may not be raised for the first time on appeal." *State v. Chavarria*, 2009-NMSC-020, ¶ 14, 146 N.M. 251, 208 P.3d 896. Defendant does not assert any argument that her sentence was unauthorized by statute.

**{4}** Moreover, pursuant to a plea agreement, Defendant waived the right to appeal and gave up "any and all motions, defenses, objections or requests which [D]efendant . . . could assert hereafter . . . to the [district] court's entry of judgment and imposition of a sentence consistent with [the] agreement." [RP 71] A guilty plea, such as Defendant's, "waives objections to prior defects in the proceedings and also operates as a waiver of statutory or constitutional rights, including the right to appeal" when the guilty plea is "voluntarily made after advice of counsel and with full understanding of the consequences." *Id.* ¶ 9 (internal quotation marks and citation omitted). Defendant does not challenge the validity of her guilty plea. *See id.* ¶ 16 (concluding that not having challenged the validity of his guilty plea, the defendant waived his right to challenge the constitutionality of his sentence). Accordingly, we conclude that Defendant waived her right to challenge the constitutionality of her sentence on appeal. *See id.* ¶ 15 ("[W]e conclude that there is no fundamental error if the defendant has affirmatively waived, as opposed to simply forfeited, the constitutional right at issue.").

**{5}** Based on the foregoing, we affirm.

{6}    IT IS SO ORDERED.

JENNIFER L. ATTREP, Chief Judge

WE CONCUR:

J. MILES HANISEE, Judge

GERALD E. BACA, Judge